**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 3:20-cr-0008 |
| ) | |
| **KEYHUR HIRENBHAI PATEL,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**ORDER**

**BEFORE THE COURT** is the Joint Motion to Continue and Exclude Time Under the Speedy Trial Act filed by the parties on April 22, 2022. For the reasons stated herein, the Court will grant the motion. The time to try this case is extended up to and including October 17, 2022.

The parties state that Defendant Patel continues to wait for a credible fear interview to be scheduled in his immigration matter. (ECF No. 65 at 1-2.) As such, they jointly move for a continuance of the trial date of April 25, 2021, so that Patel may present his case for asylum during his credible fear interview. *Id.* The parties further state that they "still believe that the case will be resolved short of a trial as stated in previous filings."[1] *Id.* at 2.

While the Speedy Trial Act requires that defendants be tried within seventy days of indictment, the Court specifically finds that extending this period would be in the best interest of justice. Here, an extension of time is necessary to allow Patel time to complete the asylum application process, which may affect the outcome of this matter.

Consistent with this concern, the United States Court of Appeals for the Third Circuit has recognized that "whether or not a case is 'unusual' or 'complex,' an 'ends of justice' continuance may in appropriate circumstances be granted." *United States v. Fields*, 39 F.3d 439, 444 (3d Cir. 1994); cf. *United States v. Dota*, 33 F.3d 1179 (9th Cir. 1994) ("An ends of justice continuance may be justified on grounds that one side needs more time to prepare for trial [even if the] case [i]s not 'complex.'"); *United States v. Lattany*, 982 F.2d 866, 883 (3d

---

[1] *See* ECF Nos. 52, 54, 55, and 58.

Cir. 1992) ("[T]he district court did not abuse its discretion when it delayed the trial to give counsel . . . opportunity to . . . decid[e] upon and prepar[e] an appropriate defense."); *United States v. Fields*, 39 F.3d 439, 444 (3d Cir. 1994) (finding that the district court had properly granted an "ends of justice" continuance to "permit plea negotiations to continue").

The premises considered, it is hereby

**ORDERED** that the Joint Motion to Continue Trial, ECF No. 65, is **GRANTED**; it is further

**ORDERED** that the time beginning from the date of this order granting an extension through October 17, 2022 **SHALL** be excluded in computing the time within which the trial in this matter must be initiated pursuant to 18 U.S.C. § 3161; it is further

**ORDERED** that the parties **SHALL** file and serve a pre-trial brief no later October 10, 2022, which shall include the following: (a) proposed list of witnesses; (b) proposed list of exhibits; (c) estimated length of case-in-chief and case-in-defense; (d) proposed non-standard *voir dire* questions; and (e) proposed non-standard jury instructions related to the elements of the charges and defenses; it is further

**ORDERED** that the parties **SHALL** provide the Clerk of Court with a USB Flash Drive containing electronic versions of exhibits no later than October 12, 2022;[2] and it is further

**ORDERED** that the Jury Selection and Trial in this matter **SHALL** commence promptly at 9:00 a.m. on October 17, 2022, in St. Thomas Courtroom 1.

**Dated:** April 22, 2022           /s/*Robert A. Molloy*
                                    **ROBERT A. MOLLOY**
                                    **Chief Judge**

---

[2] Counsel are advised to consult with Court technical staff to determine the proper format for saving electronic versions of exhibits. The Government's trial exhibits shall be labelled sequentially beginning with Government's Exhibit 1. Defense exhibits shall be labelled sequentially beginning with Defense Exhibit A.