# DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 3:20-cr-0008 |
| ) | |
| **KEYHUR HIRENBHAI PATEL,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## ORDER

**BEFORE THE COURT** is the Unopposed Motion to Continue and Exclude Time Under the Speedy Trial Act filed by the United States of America (the "Government") on October 13, 2022. For the reasons stated herein, the Court will grant the motion. The time to try this case is extended up to and including April 11, 2023.

The Government avers that Defendant Keyhur Hirenbhai Patel has filed a petition seeking asylum in the United States but continues to wait for a credible fear interview to be scheduled in his immigration matter.[1] (ECF No. 69 at 1-2.) As such, the Government moves for a continuance of the trial date of October 17, 2022, so that Defendant Patel may present his case for asylum during his credible fear interview. *Id.* at 2. The Government further states that "Defense counsel has repeatedly provided assurances to the United States that this case will be resolved without having the case tried before a jury."[2] *Id*.

The Government submits that an extension of time is "wholly excludable pursuant to 18 U.S.C. § 3161(h)(7)(A), in that the ends of justice served by taking such action materially outweighs the best interest of the public and the defendant." *Id.* The Government further submits that Defendant Patel does not oppose the motion and agrees that the time is excludable. *Id.*

---

[1] The Government additionally states that they have communicated with the United States Citizenship and Immigration Services ("USCIS") in hopes of expediting the matter and were informed that "USCIC in Newark, New Jersey has been advised of Defendant's pending request for an interview." (ECF No. 69, at 2.)

[2] *See* ECF Nos. 52, 54, 55, 58, and 65.

*United States v. Patel*
Case No.: 3:20-cr-0008
Order
Page 2 of 3

While the Speedy Trial Act requires that defendants be tried within seventy days of indictment, the Court specifically finds that extending this period would be in the best interest of justice. Here, an extension is necessary to allow Patel time to complete the asylum application process, and for the parties to continue to attempt to resolve this case short of trial.

Consistent with these concerns, the United States Court of Appeals for the Third Circuit has recognized that "whether or not a case is 'unusual' or 'complex,' an 'ends of justice' continuance may in appropriate circumstances be granted." *United States v. Fields*, 39 F.3d 439, 444 (3d Cir. 1994) (finding that the district court had properly granted an "ends of justice" continuance to "permit plea negotiations to continue"); *see also United States v. Dota*, 33 F.3d 1179 (9th Cir. 1994) ("An ends of justice continuance may be justified on grounds that one side needs more time to prepare for trial [even if the] case [i]s not 'complex.'"); *United States v. Lattany*, 982 F.2d 866, 883 (3d Cir. 1992) ("[T]he district court did not abuse its discretion when it delayed the trial to give counsel . . . opportunity to . . . decid[e] upon and prepar[e] an appropriate defense.").

The premises considered, it is hereby

**ORDERED** that the Government's motion to continue, ECF No. 69, is **GRANTED**; it is further

**ORDERED** that the time beginning from the date of this order granting an extension through April 11, 2023 **SHALL** be excluded in computing the time within which the trial in this matter must be initiated pursuant to 18 U.S.C. § 3161; it is further

**ORDERED** that the parties **SHALL** file a Notice of Readiness with the Court no later than March 31, 2023, indicating whether they are prepared to proceed to trial; its is further

**ORDERED** that the parties **SHALL** file and serve a pre-trial brief no later March 31, 2023, which shall include the following: (a) proposed list of witnesses; (b) proposed list of exhibits; (c) estimated length of case-in-chief and case-in-defense; (d) proposed non-standard *voir dire* questions; and (e) proposed non-standard jury instructions related to the elements of the charges and defenses; it is further

*United States v. Patel*
Case No.: 3:20-cr-0008
Order
Page 3 of 3

**ORDERED** that the parties **SHALL** provide the Clerk of Court with a USB Flash Drive containing electronic versions of exhibits no later than April 5, 2023;[3] and it is further

**ORDERED** that the Jury Selection and Trial in this matter **SHALL** commence promptly at 9:00 a.m. on April 11, 2023, in St. Thomas Courtroom 1.

**Dated:** October 14, 2022     /s/ *Robert A. Molloy*
                                **ROBERT A. MOLLOY**
                                **Chief Judge**

---

[3] Counsel are advised to consult with Court technical staff to determine the proper format for saving electronic versions of exhibits. The Government's trial exhibits shall be labelled sequentially beginning with Government's Exhibit 1. Defense exhibits shall be labelled sequentially beginning with Defense Exhibit A.